**Ronald BUSH, Julianne Dyer, Josh Kramer, Ana Lopez and Ashley Salisbury, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs,**

v.

**CHEAPTICKETS, INC., Cendant Corporation, Expedia, Inc., IAC/Interactivecorp, Hotels.com, L.P., Hotels.com GP, LLC, Orbitz, Inc., Orbitz LLC, Priceline.com, Inc., Travelocity.com, Inc., Travelocity.com, L.P., John Does 1–25, inclusive, Defendants.**

No. CV 05–2285 PA(VBKx).

United States District Court,
C.D. California.

May 5, 2005.

Jeff S. Westerman, Sabrina S. Kim, Milberg Weiss Bershad and Schulman, Los Angeles, CA, for Plaintiffs.

Gordon A. Greenberg, McDermott Will & Emery, Brian A. Sun, Philip E. Cook, Jones Day, Darrel J. Hieber, Jeffrey H. Dasteel, Skadden Arps Slate Meagher & Flom, David F. McDowell, Michael Feuer, Morrison and Foerster, Los Angeles, CA, for Defendants.

## ORDER REMANDING ACTION

ANDERSON, District Judge.

Before the Court are the parties' responses and supplemental responses to the Court's March 31, 2005 order to show cause why this action should not be remanded to the state court for lack of federal subject matter jurisdiction.

Plaintiffs filed their Complaint on February 17, 2005, in the Superior Court of the State of California for the County of Los Angeles. On March 28, 2005, Defendants Cheaptickets, Inc.; Cendant Corporation; Expedia, Inc.; IAC/Interactive Corp.; Hotels.com, L.P.; Hotels.com GP, LLC; Orbitz, Inc.; Orbitz, LLC; Priceline.com, Inc.; Travelocity.com, Inc.; Travelocity.com, L.P. (collectively, "Defendants") removed the case to the United States District Court for the Central District of California. The Notice of Removal alleges that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, Pub.L. 109-2 (the "Act"). The Act expands the scope of federal diversity jurisdiction by amending 28 U.S.C. § 1332 to include class actions that meet certain criteria. See 28 U.S.C. § 1332(d). It also adds 28 U.S.C. § 1453, which authorizes and sets terms for removal of class actions filed in state court that meet the new criteria for diversity jurisdiction.

Section 9 of the Act states: "The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." Pub.L. 109-2, § 9 (emphasis added). The Act was enacted on February 18, 2005, one day *after* this action was filed in state court.

Whether this Court has subject matter jurisdiction depends on the meaning of the word "commenced" in section 9 of the Act. If the Court lacks subject matter jurisdiction, it must remand this action to state court. 28 U.S.C. § 1447(c).

At the time this Court issued the order to show cause, the only published decision addressing the meaning of the word "commenced" in section 9 of the Act was the United States District Court for the District of Colorado, which held the word "commenced" refers to the date an action is filed in state court, not the date of its removal. *Pritchett v. Office Depot. Inc.,* 360 F.Supp.2d 1176, 1181 (2005). Since that time, the United States Court of Appeals for the Tenth Circuit has issued a

published decision in the same case reaching the same conclusion as the district court. *Pritchett v. Office Depot. Inc.*, 404 F.3d 1232 (10th Cir.2005). This Court is in agreement.

The starting point for statutory construction is the plain language of the statute. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 831 (9th Cir.2000). The verb "commence" is commonly understood as a synonym of "begin." *See* Oxford English Dictionary, available at http://dictionary. oed.com (defining "commence" as "To begin (an action); to enter upon; esp. in legal use, to commence an action, a suit, proceedings, etc.") A lawsuit does not "begin" on the date it is removed to federal court; it is already pending by that time. Instead, a lawsuit is deemed to "begin" or "commence" on the date the original complaint is filed. *See* Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court.")

Defendants contend that the broad remedial purpose of the Act requires an expansive definition of "commenced" that includes cases removed after the effective date. This approach, however, ignores the legislative history of the Act. When the Act was first introduced in the House, the removal provision applied not only to cases "commenced" on or after the Act's effective date, but also to cases certified as class actions on or after the effective date. *See* H.R. 516, 109th Cong. § 7 (2005). This latter category of cases naturally would include cases already pending on the date of enactment. Congress, however, chose to *narrow* the scope of the removal provision by eliminating this category of cases.

Indeed, comments by legislators who sponsored the bill confirm the Court's conclusion that the word "commenced" refers to the date the complaint is filed rather than the date of the removal. See 151 Cong. Rc. S1080 (daily ed. Feb. 8, 2005) (statement of Sen. Dodd) ("[The Act] does not apply retroactively, despite those who wanted it to. A case filed before the date of enactment will be unaffected by any provision of this legislation."); 151 Cong. Rec. H753 (daily ed. Feb. 17, 2005) (statement of Rep. Goodlatte) ("Since the legislation is not retroactive, it would have absolutely no effect on the 75 class actions already filed against Merck in the wake of the Vioxx withdrawal.")

Given the Act's plain language and legislative history, this Court agrees with the Tenth Circuit that the word "commenced" in section 9 of the Act refers to the date the complaint is filed, not the date of its removal. As this action was commenced prior to the Act's effective date, this Court lacks federal subject matter jurisdiction. Accordingly, the Court remands the action to the Superior Court of the State of California for the County of Los Angeles. *See* 28 U.S.C. § 1447(c).

Because the courts were divided on the meaning of the word "commenced" in earlier jurisdictional statutes,[1] and arguable support therefore existed for defendants' position, the Court denies plaintiffs' request for attorneys' fees and costs resulting from the removal. *See Moore v. Permanente Medical Group*, 981 F.2d 443, 448 (9th Cir.1992) (finding that "[a]n award of attorney's fees pursuant to section 1447(c)

---

1. *Compare Kieffer v. Travelers Fire Ins. Co.*, 167 F.Supp. 398, 401 (D.Md.1958) (holding the word "commenced" in an amendment to the diversity statute that raised the amount-in-controversy requirement referred to the date of the complaint's filing rather than the date of its removal) *with Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co.*, 166 F.Supp. 319, 323–24 (E.D.N.Y.1958) (reaching the opposite conclusion).

... is within the discretion of the district court.").

IT IS SO ORDERED.